NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| EDUARDO RENE TORRES-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  17-70448<br><br>Agency No. A089-778-370<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Eduardo Rene Torres-Hernandez, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1045 (9th Cir. 2017). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Torres-Hernandez did not establish good moral character, where he failed to prove that he was confined for a period of less than 180 days. *See* 8 U.S.C. §§ 1101(f)(7), 1229b(b)(1)(B); *Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (applicant for removal relief bears the burden of establishing eligibility for discretionary relief).

To the extent Torres-Hernandez contends he received ineffective assistance of counsel, we lack jurisdiction to consider the claim because he failed to raise it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (indicating that ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**